IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MID-CONTINENT CASUALTY COMPANY, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. H-14-0849 |
| BFH MINING, LTD., | § § | |
| Defendant. | § | |

### MEMORANDUM AND ORDER

This insurance coverage case is before the Court on the Motion for Summary Judgment [Doc. # 66] filed by Plaintiff Mid-Continent Casualty Company ("Mid-Continent"), to which Defendant BFH Mining, Ltd. ("BFH") filed a Response [Doc. # 69], and Mid-Continent filed a Reply [Doc. # 72]. Also pending is BFH's Motion for Summary Judgment [Doc. # 68], to which Mid-Continent filed a Response [Doc. # 70], and BFH filed a Reply [Doc. # 71]. Having reviewed the full record and the applicable legal authorities, the Court **denies** both Motions.

### I.    BACKGROUND

BFH is a Texas limited partnership. William Harrison, a partner in BFH, also owns Cathexis Holdings DE, LLC ("Cathexis"). Mid-Continent issued an insurance policy (the "Policy") to BFH covering BFH's Middleton Ranch located in Fort Bend County, Texas (the "Property").

On October 21, 2012, Francois Bellon, a potential client of Cathexis, was at the BFH property. While there, he was injured in an accident involving a Polaris RZR all-terrain vehicle ("ATV") owned by BFH and driven by Sahil Gujral, a Cathexis employee.

Bellon filed a lawsuit against Cathexis, BFH, and Gujral. BFH settled with Bellon for $1,000,000.00, the Policy limits under the Mid-Continent insurance policy.

Mid-Continent filed this lawsuit on April 2, 2014, seeking a declaratory judgment that it has no duty under the Policy to indemnify BFH. Mid-Continent argues specifically that coverage is excluded under the Policy. On May 27, 2014, in response to Mid-Continent's Amended Complaint [Doc. # 12], BFH filed an Answer, Counter-Claim and Original Third-Party Complaint [Doc. # 13]. In the Counterclaim, BFH alleges that Mid-Continent breached its contract with BFH, violated the Texas Prompt Payment of Claims Act, violated the Texas Insurance Code, and breached the duty of good faith and fair dealing.[1] The Court has bifurcated the coverage issues from the extra-contractual claims.

---

[1] In the Third-Party Complaint, BFH alleges that Mid-Continent's agent, John L. Wortham & Son, LLP, violated the Texas Insurance Code, negligently handled the procurement of insurance for BFH, and negligently misrepresented the coverage provided by the insurance policy.

Mid-Continent and BFH each filed a Motion for Summary Judgment on the contract issues. The briefing and evidence filed in connection with the pending motions demonstrate that there are genuine issues regarding the material facts on which Mid-Continent's asserted exclusions are based. As a result, summary judgment in not appropriate and both motions are denied.

## II. SUMMARY JUDGMENT STANDARD

Summary judgment is proper only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits filed in support of the motion, show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. *See* FED. R. CIV. P. 56(a); *Am. Home Assur. Co. v. Cat Tech L.L.C.*, 660 F.3d 216, 224 (5th Cir. 2011) (citing *Nat'l Union Fire Ins. Co. v. Puget Plastics Corp.*, 532 F.3d 398, 404 (5th Cir. 2008)). The moving party bears the burden of demonstrating that there is no evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); *Pioneer Exploration, L.L.C. v. Steadfast Ins. Co.*, 767 F.3d 503, 511 (5th Cir. 2014). If the moving party meets this initial burden, the burden shifts to the nonmovant to set forth specific facts showing the existence of a genuine issue for trial. *See Mack v. Equable Ascent Fin., L.L.C.*, 748 F.3d 663, 665 (5th Cir. 2014). Where both parties file motions for summary judgment, the Court evaluates each motion

independently and construes all facts and considers all evidence in the light most favorable to the nonmoving party. *Janvey v. Golf Channel*, 780 F.3d 641, 643 (5th Cir. 2015). Although the case is before the Court on cross-motions for summary judgment, genuine issues of material fact can preclude summary judgment in favor of either party. *See Amerisure Ins. Co. v. Navigators Ins. Co.*, 611 F.3d 299, 312 (5th Cir. 2010).

## III. ANALYSIS

Mid-Continent argues that it has no duty to indemnify BFH for the settlement amount paid to Bellon in the underlying lawsuit. Mid-Continent argues that both an exclusion in the Basic Farm Premises Liability Endorsement, and the Expected or Intended Injury exclusion, preclude coverage.

### A. Applicable Legal Standards

"Texas courts interpret insurance policies according to the rules of contract construction." *Likens v. Hartford Life and Acc. Ins. Co.*, 688 F.3d 197, 199 (5th Cir. 2012) (quoting *de Laurentis v. U.S. Auto. Ass'n*, 162 S.W.3d 714, 721 (Tex. App. – Houston [14th Dist.] 2005, pet. denied)). The Court evaluates the insurance policy "based on its plain meaning, determining what the words of the contract say the parties agreed to do." *Id.* (citing *Nautilus Ins. Co. v. Country Oaks Apartments Ltd.*, 566 F.3d 452, 455 (5th Cir. 2009)). Mid-Continent has the ultimate burden to prove

that the asserted exclusions apply to preclude coverage. *See Gilbert Tex. Constr., L.P. v. Underwriters at Lloyd's London*, 327 S.W.3d 118, 124 (Tex. 2010); *Salcedo v. Evanston Ins. Co.*, 462 F. App'x 487, 489 (5th Cir. Feb. 22, 2012).

**B.     Farm Premises Liability Endorsement Exclusion**

The Policy excludes coverage for bodily injury "arising out of the ownership, use or maintenance of any part of the "farm premises" that is "used for nonagricultural purposes." *See* Policy, Exh. F to Mid-Continent's Motion, p. MC Policy 000051. "Farm premises" is defined as the location identified in the Policy Declaration and "operated for 'farming' purposes." *See id.* at  MC Policy 000054.  "Farming" is defined in the Policy to mean "the operation of an agricultural or aquacultural enterprise . . .." *See id.*

The parties have presented evidence that creates a fact dispute regarding whether the Property was used for farming purposes or only as a ranch.  For example, Mid-Continent has presented evidence that the Policy identifies the Property as "Location 3" with the classification "Farms over 500 acres (Premium Basis: Per Farm)."  BFH has presented evidence that its insurance agent informed Mid-Continent's underwriter that the Policy was for a "working ranch."  Mid-Continent has presented evidence that BFH applied for and obtained agriculture exemptions from property taxes in Fort Bend County and in the state of Texas.  It is undisputed

that BFH grows, cuts, and bales hay on the Property, which it uses to feed the cattle raised on the Property. This evidence creates a genuine issue of material fact regarding whether the Property was "farm premises" for purposes of the Farm Premises Liability Endorsement exclusion.

Additionally, there is a genuine issue of material fact regarding whether the property was being used for nonagricultural "business" – as opposed to social, recreational, or personal – purposes at the time of the accident. Mid-Continent has presented evidence that Bellon and Harrison were at the Property at the time of the accident to discuss Bellon becoming a client of Cathexis. BFH has presented evidence that Harrison and Bellon were at the Property just to "hang out" and any business discussions were secondary to the social use of the Property. There is no evidence that business was being discussed while Bellon was on the ATV.

The Court does not find that the Policy is ambiguous, but finds that there are genuine fact disputes that preclude summary judgment in favor of either party regarding whether the Basic Farm Premises Liability Endorsement exclusion applies. As a result, each Motion for Summary Judgment is denied.

### C.     **Expected or Intended Injury Exclusion**

The Policy excludes coverage for bodily injury "expected or intended from the standpoint of the insured." *See id.* at MC Policy 000028. An injury can be considered

"expected" for purposes of insurance coverage if "circumstances confirm that the resulting damage was the natural and expected result of the insured's actions, that is, was highly probable . . .." *See Lamar Homes, Inc. v. Mid-Continent Cas. Co.*, 242 S.W.3d 1, 8 (Tex. 2007). "Texas appellate courts have stated that an expected or intended injury exclusion in an insurance policy does not exclude coverage for grossly negligent conduct." *See Philadelphia Indem. Ins. Co. v. Stebbins Five Cos.*, 2004 WL 210636, *4 (N.D. Tex. Jan. 27, 2004) (Lynn, J.), and cases cited therein.

Mid-Continent argues that BFH, by and through Harrison, could have expected Bellon's injury to occur. In support of this argument, Mid-Continent has presented evidence that Harrison knew that Gujral did not have a driver's license, knew that the ATV had experienced roll-overs before the day Bellon was injured, and knew that the safety net on the ATV had been removed. The Court cannot determine from this evidence whether Bellon's injury in the ATV accident was reasonably foreseeable because it would naturally follow from BFH's conduct. The Court denies summary judgment on whether BFH reasonably could have expected Bellon's injury to occur as required for application of the Expected or Intended Injury exclusion.

## IV.   **CONCLUSION AND ORDER**

The parties have presented evidence that raises a genuine issue of material fact in connection with the factual basis for the Farm Premises Liability Endorsement

exclusion asserted by Mid-Continent. The Court cannot determine on the record before it whether Bellon's injury was expected for purposes of the Expected or Intended Injury exclusion. As a result, it is hereby

**ORDERED** that Mid-Continent's Motion for Summary Judgment [Doc. # 66] and BFH's Motion for Summary Judgment [Doc. # 68] are **DENIED**. It is further

**ORDERED** that the mediation deadline is extended to **June 19, 2015**. The parties are required to participate in mediation by this deadline, and are encouraged to mediate all issues in the case, not just the coverage issue. It is further

**ORDERED** that the parties shall file a Joint Pretrial Order on the contractual issues by **June 19, 2015**, and shall appear for docket call on **June 29, 2015, at 3:00 p.m.**

**SIGNED** at Houston, Texas, this **6th** day of **May, 2015**.

Nancy F. Atlas
United States District Judge