IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MID-CONTINENT CASUALTY | § | |
| COMPANY, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-14-0849 |
| | § | |
| BFH MINING, LTD., | § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER

This insurance coverage case between Plaintiff Mid-Continent Casualty
Company ("Mid-Continent") and Defendant BFH Mining, Ltd. ("BFH") is before the
Court on three remaining pretrial issues: (1) the language to be used to instruct the
jury on the "expected or intended injury" exclusion; (2) the effect of the "legally
obligated to pay as damages" language in the Policy; and (3) the admissibility of a
videotape of the property offered by BFH.  Having reviewed the parties' briefing,
comments by counsel during prior conferences, the proffered videotape, and
applicable legal authorities, the Court makes the following rulings on these three
pretrial issues.

## I.    BACKGROUND

BFH is a Texas limited partnership.  William Harrison, a partner in BFH, also
owns Cathexis Holdings DE, LLC ("Cathexis").  Mid-Continent issued an insurance

policy (the "Policy") to BFH covering BFH's Middleton Ranch located in Fort Bend County, Texas (the "Property").

On October 21, 2012, Francois Bellon, a potential client of Cathexis, was at the BFH property. While there, he was injured in an accident involving a Polaris RZR all-terrain vehicle ("ATV") owned by BFH and driven by Sahil Gujral, a Cathexis employee.

Bellon filed a lawsuit against Cathexis, BFH, and Gujral. BFH settled with Bellon for $1,000,000.00, the Policy limits under the Mid-Continent insurance policy.

Mid-Continent filed this lawsuit on April 2, 2014, seeking a declaratory judgment that it has no duty under the Policy to indemnify BFH. Mid-Continent argues both that there is no coverage under the Policy and that two exclusions in the Policy apply. On May 27, 2014, in response to Mid-Continent's Amended Complaint [Doc. # 12], BFH filed a Counterclaim alleging that Mid-Continent breached its contract with BFH, violated the Texas Prompt Payment of Claims Act, violated the Texas Insurance Code, and breached the duty of good faith and fair dealing. The Court has bifurcated the coverage issues from the extra-contractual claims.

Mid-Continent and BFH each filed a Motion for Summary Judgment on the contract issues. In a Memorandum and Order [Doc. # 73], entered May 6, 2015, the Court denied both motions.

At docket call, the Court ruled on certain issues raised in the parties' Joint Pretrial Order, including motions *in limine* and objections to exhibits.  The parties requested leave to submit additional briefing on:   (1) the admissibility of correspondence between Mid-Continent and Chad Gauntt, Esq., current litigation counsel for BFH; (2) jury instructions and jury interrogatories regarding the exclusion for use of farm premises for nonagricultural business purposes, including whether the Court should instruct the jury that "a ranch is not a farm;" (3) issues regarding the settlement of the underlying lawsuit; and (4) the exclusion for expected or intended injury.  By Memorandum and Order [Doc. # 99] entered August 3, 2015, the Court ruled on each of these issues except those regarding the settlement of the underlying lawsuit.  At a pretrial conference to address the remaining issue, the parties requested leave to submit additional briefing.   The parties also submitted additional legal authority on the "expected or intended injury" exclusion, and BFH advised the Court that it intended to seek admission of a recently recorded videotape of the Property. The briefing is now complete and the issues are ripe for decision.

## II.   **EXPECTED OR INTENDED INJURY EXCLUSION**

The Policy excludes coverage for bodily injury "expected or intended from the standpoint of the insured."  Mid-Continent argues that BFH, by and through Harrison, could have expected Bellon's injury to occur.   In support of this argument, Mid-

Continent asserts that Harrison knew that Gujral did not have a driver's license, knew that the ATV had experienced roll-overs before the day Bellon was injured, and knew that the safety net on the ATV had been removed.

The Court will instruct the jury based on the language in the Fifth Circuit case *Gulf Chem. & Metallurgical Corp.*, 1 F.3d 365, 370 (5th Cir. 1993), construing an "expected or intended" exclusion, and *Lamar Homes, Inc. v. Mid-Continent Cas. Co.*, 242 S.W.3d 1, 8 (Tex. 2007). Specifically, the Court will instruct the jury as follows:

> The "expected or intended" injury exclusion only excludes an injury which the insured intended, not one which the insured caused, however intentional the injury-producing act. What makes injuries or damages expected or intended are the knowledge and intent of the insured. It is not enough that an insured was warned that damages might ensue from its actions, or that, once warned, an insured decided to take a calculated risk and proceed as before. Recovery will be barred only if BFH intended Bellon's injury, or if his injury was expected by BFH because it knew that the injury was highly probable because it was the natural and expected result of BFH's actions.

The jury interrogatory will remain "Were Bellon's injuries expected or intended by the insured (BFH)?"

## III.   **"LEGALLY OBLIGATED TO PAY" REQUIREMENT**

The Policy provides that Mid-Continent will "pay those sums that [BFH] becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which [the Policy] applies." The Policy does not define "legally obligated to pay as damages." It is undisputed that Bellon did not obtain a final judgment

against BFH, and the parties agree that Mid-Continent did not expressly consent to the settlement between BFH and Bellon.  Mid-Continent argues that BFH was not "legally obligated to pay" one million dollars to Bellon and, therefore, Mid-Continent has no obligation to indemnify BFH for the sums paid to Bellon.

BFH argues that Mid-Continent "expressly waived" this issue by failing to conduct discovery on the issue, failing to submit a jury interrogatory on the issue, and not objecting to BFH's Motion in Limine regarding its voluntary payment to Bellon.  Coverage under the Policy is an issue on which BFH bears the burden of proof and, as a result, Mid-Continent did not waive the issue by failing to conduct discovery and submit a jury interrogatory on the issue.  Nor did Mid-Continent waive the issue by not contesting BFH's Motion in Limine, thereby agreeing to seek permission from the Court before raising the issue in front of the jury.

BFH argues also that Mid-Continent failed to plead the "legally obligated to pay" provision from the Policy.  In its Amended Complaint, Mid-Continent quoted the relevant language regarding payment of sums that BFH became "legally obligated to pay as damages" and, "based on the foregoing," requested a declaratory judgment that it owed no duty to indemnify BFH.  *See* Amended Complaint [Doc. # 12], ¶¶ 32-33.  As a result, BFH's objection to "unpled contract provisions" is overruled.

The Texas Supreme Court has held that "an insurer may escape liability on the basis of a settlement-without-consent exclusion only when the insurer is actually prejudiced" by the settlement. *See Hernandez v. Gulf Group Lloyds*, 875 S.W.2d 691, 692 (Tex. 1994).  Although the *Hernandez* case involved an exclusion, the holding was later applied to a policy requirement for coverage.  *See Lennar Corp. v. Markel Am. Ins. Co.*, 413 S.W.3d 750, 753-57 (Tex. 2013).

Based on this Texas Supreme Court authority, the Court holds that BFH may satisfy its burden to prove coverage exists under the Policy by demonstrating that Mid-Continent did not suffer actual prejudice from BFH's settlement with Bellon. The jury interrogatory will ask whether BFH has proven by a preponderance of the evidence that Mid-Continent was not actually prejudiced by the settlement between BFH and Bellon.

## IV.   <u>VIDEOTAPE OF PROPERTY</u>

BFH seeks to introduce a recently recorded videotape of the Property.  The Court has reviewed the videotape, which was created after the close of discovery. BFH concedes that the videotape was recorded several years after Bellon was injured. Moreover, the videotape was recorded at a different time of year.  Therefore, the Court finds that the proffered videotape has only minimal probative value regarding the Property as it existed at the time of Bellon's injury.  That limited probative value is

substantially outweighed by the danger of unfair prejudice to Mid-Continent and could mislead the jury.  As a result, the videotape is excluded pursuant to Federal Rule of Evidence 403.

## V.   CONCLUSION AND ORDER

As explained herein, the Court has ruled on the three remaining pretrial issues. It is, therefore, hereby

**ORDERED** that counsel shall submit by **September 14, 2015**, a joint, proposed jury charge that incorporates the Court's prior rulings and those herein.  It is further

**ORDERED** that the case remains scheduled for jury selection and trial beginning **Monday, September 21, 2015, at 9:00 a.m.**

**SIGNED** at Houston, Texas, this _3rd_ day of **September, 2015**.

_____
NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE